ELECTRONICALLY FILED - 2026 May 11 2:31 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4003139

| | |
|---|---|
| **STATE OF SOUTH CAROLINA** | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF RICHLAND** | CASE NO: |
| Terry Custis, | |
| *Plaintiff,* | **SUMMONS**<br>(Jury Trial Demanded) |
| -v- | |
| Eastern VIP Express, LLC and<br>Oleksandr Polyvach, | |
| *Defendants.* | |

**TO THE DEFENDANTS ABOVE-NAMED AND THEIR ATTORNEYS:**

**YOU ARE HEREBY SUMMONED** and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

**MORGAN & MORGAN P.A.**

*/s/ Cooper Klaasmeyer*
COOPER KLAASMEYER, ESQ.
SC Bar No.: 105795
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone:     (843) 973-5438
Cooper.klaasmeyer@forthepeople.com
teamck@forthepeople.com
**Attorney for the Plaintiff**

May 11, 2026
Charleston, South Carolina

ELECTRONICALLY FILED - 2026 May 11 2:31 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4003139

**STATE OF SOUTH CAROLINA**

**COUNTY OF RICHLAND**

Terry Custis,

*Plaintiff*,

-v-

Eastern VIP Express, LLC and
Oleksandr Polyvach,

*Defendants*.

**IN THE COURT OF COMMON PLEAS**

CASE NO:

**COMPLAINT**
(Jury Trial Demanded)

Plaintiff Terry Custis, by and through undersigned counsel, complains of Defendants and alleges as follows:

## PARTIES, VENUE, AND JURISDICTION

1.      Plaintiff Terry Custis ("Plaintiff") was injured in the crash that is the subject of this action (the "Crash"). At all relevant times, Plaintiff has been a resident of South Carolina.

2.      Defendant Oleksandr Polyvach ("Defendant Driver") was driving the commercial motor vehicle that crashed into Plaintiff's vehicle and caused Plaintiff's injuries. Upon information and belief, Defendant Driver is a citizen of Utica, New York.

3.      Defendant Eastern VIP Express, LLC ("Defendant Company") is a foreign limited liability company with its headquarters located in Utica, New York. Upon information and belief, all members of Defendant Company are residents of New York.

4.      Defendant Company is a for-hire motor carrier operating a commercial motor vehicle, a tractor trailer, while transporting property in interstate commerce at the time of the Crash operating under USDOT number 3541206.

ELECTRONICALLY FILED - 2026 May 11 2:31 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4003139

5.     At all times relevant to this action, Defendant Driver was an agent, servant, and/or employee of Defendant Company, individually or jointly.

6.     This Court has personal jurisdiction over the Defendants because Defendant Company was, at the time this cause of action arose, doing business in South Carolina through its agent Defendant Driver, and this cause of action relates to and arises out of Defendant Company's contacts with South Carolina, as further shown below.

7.     Venue is proper in the Court of Common Pleas for Richland County as the acts, omissions, and incident complained of herein took place in Richland County.

### GENERAL FACTUAL ALLEGATION

8.     Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

9.     On May 16, 2025, Defendant Driver was driving a commercial motor vehicle with a gross vehicle weight rating exceeding 26,001 pounds carrying property in the course of interstate commerce in Richland County, South Carolina.

10.     At the same time, Plaintiff was a member of the public riding as a passenger in a pickup truck that was towing a boat on Interstate 20 near Columbia in Richland County, South Carolina.

11.     While the vehicle Plaintiff was riding in was stopped for traffic ahead, Defendant Driver approached from behind and failed to stop or slow enough to avoid colliding with Plaintiff's vehicle, causing the Crash.

12.     At all times relevant hereto, Defendant Driver was an employee, agent, and legal representative of Defendant Company and operated Defendant Company's commercial motor vehicle in commerce in furtherance of Defendant Company's business.

ELECTRONICALLY FILED - 2026 May 11 2:31 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4003139

13. Plaintiff was not an employee or agent of Defendant Company at the time of the Crash.

14. Due to the Crash which Defendants caused, Plaintiff suffered bodily injury and has undergone medical treatment.

**FOR A FIRST CAUSE OF ACTION**
(Negligence/Recklessness, Negligence *Per Se* Against All Defendants)

15. Plaintiff realleges and reincorporates the preceding paragraphs as if repeated verbatim here.

16. Defendant Driver owed a duty to Plaintiff to operate the commercial motor vehicle in a safe and reasonable manner, and in accordance with all state and federal laws and regulations.

17. Defendant Driver breached this duty to use due care in operating the commercial motor vehicle and was negligent, negligent *per se*, reckless, willful, and/or wanton in numerous particulars, including but not limited to:

    a. Failing to obey traffic signs and signals;

    b. Failing to yield the right of way;

    c. Failing to keep a proper lookout;

    d. Driving while inattentive and/or distracted;

    e. Failing to use the degree of care and skill that a reasonable person would have used under the same or similar circumstances;

    f. Acting with conscious disregard for the safety of others, including Plaintiff;

    g. Acting in violation of applicable state and federal statutes and regulations; and

    h. Committing other acts and omissions as discovery may reveal and the evidence at trial may show.

18. Defendant Driver's acts and omissions were the direct and proximate cause of

ELECTRONICALLY FILED - 2026 May 11 2:31 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4003139

Plaintiff's injuries and damages claimed herein.

19.     As a direct and proximate result of Defendant Driver's acts and omissions, Plaintiff suffered severe physical injuries which have caused, and in the future will cause, Plaintiff to suffer the following damages:

   a. Physical pain and suffering;

   b. Loss of enjoyment of life, to the detriment of Plaintiff's physical health and mental wellbeing;

   c. Loss of wages and/or earning capacity;

   d. Substantial expenses for past and future medical services;

   e. Mental anguish, emotional distress, shock, and fear;

   f. Other damages as will be shown in the discovery and trial of this case.

20.     Defendant Company is vicariously liable for all acts and omissions of Defendant Driver pursuant to the doctrines of agency and respondeat superior.

21.     Plaintiff is entitled to an award of all actual, consequential, and incidental damages against all Defendants, jointly and severally.

22.     Plaintiff is also entitled to an award of punitive damages against all Defendants.

23.     Plaintiff is also entitled to an award of prejudgment interest against all Defendants, jointly and severally.

**FOR A SECOND CAUSE OF ACTION**
(Negligent Hiring, Entrustment, Training, Retention, and Supervision Against Defendant Company)

24.     Plaintiff adopts, realleges, and incorporates the allegations contained in the preceding paragraphs.

25. Defendant Company was negligent, negligent *per se*, grossly negligent, reckless, willful, and/or wanton in hiring and/or retaining Defendant Driver and entrusting them to drive their motor vehicle, in that Defendant Company knew or should have known that Defendant Driver was too incompetent, unfit, inexperienced, and/or reckless to operate a commercial vehicle, which created an appreciable risk of harm to the public, including Plaintiff.

26. Defendant Company was negligent, negligent *per se*, grossly negligent, reckless, willful, and wanton in failing to properly train and/or supervise Defendant Driver, in that Defendant Company permitted Defendant Driver, who was within their employ and control, to operate a commercial motor vehicle with knowledge that Defendant Driver posed a danger to the public, including Plaintiff, in operating the vehicle.

27. Defendant Company's acts and/or omissions in hiring, training, retaining, and supervising Defendant Driver, and in entrusting them with their commercial motor vehicle, were the direct and proximate cause of the subject collision, as well as Plaintiff's resulting damages.

28. As a direct and proximate result of the acts and omissions of Defendant Company, Plaintiff has suffered and will continue to suffer damages described herein.

29. Plaintiff is therefore entitled to an award of all actual, consequential, and incidental damages against Defendant Company.

30. Plaintiff is also entitled to an award of punitive damages against Defendant Company.

**WHEREFORE**, Plaintiff prays that the court enter judgment against the Defendants for the Plaintiff's actual and punitive damages in an amount to be determined by the jury, for the reasonable costs of this action, and for such other and further relief as this Court may deem just and proper.

ELECTRONICALLY FILED - 2026 May 11 2:31 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4003139

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

**MORGAN & MORGAN P.A.**

*/s/ Cooper Klaasmeyer*
COOPER KLAASMEYER, ESQ.
SC Bar No.: 105795
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone:    (843) 973-5438
Cooper.klaasmeyer@forthepeople.com
teamck@forthepeople.com
**Attorney for the Plaintiff**

May 11, 2026
Charleston, South Carolina

ELECTRONICALLY FILED - 2026 May 11 2:31 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4003139