UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

3:26-cv-03069-SAL

Terry Custis,

Plaintiff,

vs.

Eastern VIP Express, LLC and Oleksandr Polyvach,

Defendants.

**ANSWER**
**(Jury Trial Demanded)**

Eastern VIP Express, LLC and Oleksandr Polyvach, hereinafter referred to as "Defendants," answer the Complaint and respond to the allegations as follows:

1.      Each and every allegation of the Complaint which is not specifically admitted, qualified or explained is denied and strict proof is demanded thereof.

2.      To the extent Plaintiff's prayer for relief requires a response, said prayer is denied.

3.      That as to the allegations in paragraph 1 of the Complaint, upon information and belief, the Defendants admit that the Plaintiff is a resident of South Carolina but deny the remaining allegations of this paragraph.

4.      That as to the allegations in paragraph 2 of the Complaint, the Defendants admit that Olexsandr Polyvach is a resident of New York but deny the remaining allegations of this paragraph.

5.      That as to the allegations in paragraph 3 of the Complaint, the Defendants admit that Eastern VIP Express, LLC is a limited liability company headquartered in New York.

6.      That upon information and belief, the Defendants admit the allegations in paragraph 4  of the Complaint.

7.      That the Defendants deny the allegations in paragraph 5 of the Complaint.

8.      That the allegations in paragraph 6 of the Complaint call for a legal conclusion that the Defendants are not required to admit or deny, however if a responsive pleading is required the Defendants would deny the allegations in this paragraph.

9.      That the allegations in paragraph 7 of the Complaint call for a legal conclusion that the Defendants are not required to admit or deny, however if a responsive pleading is required the Defendants would deny the allegations in this paragraph.

10.      That as to the allegations in paragraph 8 of the Complaint, the Defendants crave reference to the earlier paragraphs of this Answer.

11.      That as to the allegations in paragraph 9 of the Complaint, the Defendants admit that on May 26, 2025, Defendant Polyvach was driving a commercial motor vehicle in Richland County, South Carolina and deny the remaining allegations of this paragraph.

12.      That as to the allegations in paragraph 10 of the Complaint, upon information and belief the Defendants admit that the Plaintiff was a passenger in a pickup truck.

13.      That as to the allegations in paragraph 11 of the Complaint, the Defendants admit that a motor vehicle accident occurred but denying the remaining allegations of this paragraph.

2

14.     That the Defendants deny the allegations in paragraph 12 of the Complaint.

15.     That upon information and belief, the Defendants admit the allegations in paragraph 13 of the Complaint.

16.     That the Defendants deny the allegations in paragraph 14 of the Complaint.

17.     That as to the allegations in paragraph 15 of the Complaint, the Defendants crave reference to the earlier paragraphs of this Answer.

18.     That as to the allegations in paragraph 16 of the Complaint, the Defendants admit that all drivers have this duty.

19.     That the Defendants deny the allegations in paragraphs 17, 18, 19, 20, 21, 22, & 23 of the Complaint.

20.     That as to the allegations in paragraph 24 of the Complaint, the Defendant craves reference to the earlier paragraphs of this Answer.

21.     That the Defendants deny the allegations in paragraphs 25, 26, 27, 28, 29 & 30 of the Complaint.

## FOR A FIRST DEFENSE
### (Reservation and Non-Waiver)

22.     That the Defendant/Defendants have not had an opportunity to conduct a thorough investigation or to engage in sufficient discovery regarding the circumstances of the allegations in the Complaint.  Accordingly, the Defendant/Defendants reserve the right to amend this Answer to assert additional defenses as may arise during the discovery process.

## FOR A SECOND DEFENSE
### (Lack of Proximate Cause)

23.     All or a portion of the damages claimed in this case were not proximately

3

caused by the subject motor vehicle collision, and this defense of lack of proximate cause is pled as a complete and total defense to all claims.

### FOR A THIRD DEFENSE
### (Punitive Damages Unconstitutional - Procedural Due Process)

24.     That to the extent that the Complaint seeks punitive or exemplary damages, it violates the right of the Defendant/Defendants to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of South Carolina and, therefore, fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

### FOR A FOURTH DEFENSE
### (Punitive Damages Unconstitutional - Substantive Due Process)

25.     That to the extent that the Complaint seeks punitive or exemplary damages, it violates the Defendant's/Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of South Carolina and, therefore, fails to state a cause of action upon which either exemplary or punitive damages can be awarded.

### FOR A FIFTH DEFENSE
### (Bifurcated Jury Trial)

26.     That to the extent punitive damages are claimed, the Defendant/Defendants demand a bifurcated jury trial pursuant to S.C. Code Ann. § 15-32-200 *et seq.* and that said damages, if any, are limited as provided in said act.

### FOR A SIXTH DEFENSE
### (Failure to State a Claim)

4

27.    The Complaint fails to state facts sufficient to constitute a cause of action and the Complaint should be dismissed pursuant to the provisions of Rule 12(b)(6), SCRCP.

### FOR A SEVENTH DEFENSE
#### (Lack of Proper Service)

28.    That the court lacks jurisdiction over the person of the Defendant Polyvach because proper service was not obtained in the manner required by law and, therefore, the Complaint should be dismissed pursuant to the provisions of Rule 12(b)(2), SCRCP.

### FOR AN EIGHTH DEFENSE
#### (Failure to Mitigate Damages)

29.    That the Plaintiff has failed to take prompt and reasonable action under the circumstances to avoid the occurrence of additional damages and such failure to mitigate damages constitutes a complete defense as to that portion of damages which could have been otherwise avoided by reasonable and prompt action on the part of the Plaintiff.

### FOR A NINTH DEFENSE
#### (Intervening & Superseding Negligence)

30.    That if the Defendant/Defendants were negligent, which is specifically denied, the injuries and damages sustained by the Plaintiff, if any, were due to and caused by and were the direct and proximate result of the intervening and superseding negligence, carelessness, recklessness, willfulness and wantonness of others.  This defense is asserted as a complete and total defense to all claims.

### FOR A TENTH DEFENSE
#### (Negligence of Third Party)

31.    That Plaintiff's alleged injuries were directly and proximately caused by a party other than these Defendants, who cannot be held liable for the negligence of others.

## FOR AN ELEVENTH DEFENSE
### (Sudden Emergency)

32.     That even if the Defendants were negligent, reckless, willful and wanton, which the Defendants deny, such negligence, willfulness, wantonness and recklessness was occasioned and excused by the sudden emergency which presented itself to the Defendant and, as a result, the Defendant acted as a reasonable and prudent person would have acted under the circumstances then and there prevailing.

## FOR A TWELVETH DEFENSE
### (Unavoidable Accident)

33.     The subject accident was the result of an unavoidable accident and, by reason thereof, the Defendant/Defendants should not be liable, and this defense is asserted as a complete and total defense to all claims.

## FOR A THIRTEENTH DEFENSE
### (Deny Request for Admissions)

34.     That any Request for Admissions served the Complaint are denied.

## FOR A FOURTEENTH DEFENSE
### (Lack of Personal Jurisdiction)

35.     That the Plaintiff has not effected service upon the Defendant in a manner required by law and therefore the court lacks jurisdiction over Defendant Polyvach

## FOR A FIFTEENTH DEFENSE
### (Deny Request for Admissions)

36.     That the court lacks jurisdiction over the person of the Defendant Polyvach because proper service of process was not obtained in the manner required by law and, therefore, the Complaint should be dismissed pursuant to the provisions of Rule 12(b)(4) and Rule 12(b)(5), SCRCP.

6

**WHEREFORE**, having fully answered the Complaint, the Defendants pray for a trial by jury and that the Complaint be dismissed, together with the costs and disbursements of this action and for such other and further relief as this Court may deem just and proper.

CLAWSON AND STAUBES, LLC.

/s/ Margaret M. Urbanic

_____

Margaret M. Urbanic
Bar No.:
126 Seven Farms Drive, Suite 200
Charleston, SC 29492
Phone:     (843) 577-2026
Fax:         (843) 722-2867
Email:      purbanic@cslaw.com
Attorney for Defendants

July 27, 2026