**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Terry Custis,<br><br>Plaintiff,<br><br>v.<br><br>Eastern VIP Express, LLC and Oleksandr Polyvach,<br><br>Defendants. | Civil Action No. 3:26-cv-03069-SAL<br><br>**PLAINTIFF'S RESPONSES TO LOCAL CIV. RULE 26.03 INTERROGATORIES** |

**TO THE UNITED STATES DISTRICT COURT AND ALL COUNSEL OF RECORD:**

## I. Local Civ. Rule 26.03 (D.S.C.) Disclosures

1. **Short statement of the facts of the case:**

RESPONSE: This action arises from an incident on Interstate 20 in Richland County in which a tractor-trailer operated by Oleksandr Polyvach on behalf of Eastern VIP Express, LLC collided with the vehicle Plaintiff Cherylynn Escher was riding in as a passenger. Due to the incident, Plaintiff suffered bodily injury and has undergone medical treatment.

**2. Names of fact witnesses likely to be called and a brief summary of their expected testimony:**

RESPONSE:

Plaintiff Terry Custis

Ms. Custis is expected to testify regarding her knowledge of the facts and circumstances surrounding the May 16, 2025 collision; the manner in which the tractor-trailer operated by Defendant Oleksandr Polyvach struck the vehicle in which she was a restrained rear-seat passenger; her injuries, symptoms, medical treatment, physical and emotional limitations, pain and suffering, and other damages resulting from the collision.

Defendant Oleksandr Polyvach

Mr. Polyvach is expected to testify regarding the factual circumstances of the collision; his operation of the tractor-trailer; his route, speed, observations, actions, and communications before, during, and after the crash; and his employment, qualifications, training, and work for Eastern VIP Express, LLC.

Representatives of Defendant Eastern VIP Express, LLC

Corporate representatives of Eastern VIP Express, LLC are expected to testify concerning the company's relationship with Defendant Polyvach; his hiring, qualification, supervision, training, driving history, and retention; company safety policies and procedures; dispatch, GPS, electronic data, maintenance, and hours-of-service records; the tractor-trailer involved in the collision; the company's investigation of the crash; and other matters within the company's knowledge revealed through discovery.

Investigating Law-Enforcement Officer(s), South Carolina Highway Patrol

The investigating officer(s) are expected to testify regarding their investigation of the subject collision, including scene observations, statements obtained, the vehicles and parties involved, physical evidence, the collision report, and any citations or findings made in the course of the investigation. The collision report identifies Mr. Polyvach as the driver of Unit 3, owned by Eastern VIP Express, LLC, and reflects a cited statute of S.C. Code § 56-5-1520(A).

Wade Bell

Mr. Bell is expected to testify regarding the collision, the vehicle in which Plaintiff was riding, the boat being towed, the occupants, the events immediately before and after the impact, and any other relevant matters within his personal knowledge. The available collision materials identify him as the owner of Unit 1.

Dr. Michael Vernon Horner, Jr. c/o MUSC Health Columbia Medical Center Northeast

Dr. Horner is expected to testify regarding Plaintiff's May 17, 2025 emergency-department evaluation following the collision, her reported mechanism of injury and symptoms, examination, diagnostic imaging, diagnoses, treatment, discharge instructions, and medical causation within the scope of his care.

Dr. David Winn c/o MEDcare Urgent Care – Columbia Spring Valley

Dr. Winn is expected to testify regarding Plaintiff's May 19, 2025 urgent-care treatment, including her complaints of post-collision neck pain and headaches, cervical imaging, diagnosis of cervical strain, medication prescribed, treatment recommendations, and medical causation within the scope of his care.

Dr. Cler Baheri c/o Chiropractic & Wellness, Inc.

Dr. Baheri is expected to testify regarding Plaintiff's chiropractic care, symptoms, examination findings, diagnoses, treatment rendered, response to treatment, referrals, and medical causation within the scope of his care. Plaintiff's chiropractic billing identifies Dr. Baheri as the provider and documents treatment for cervical, thoracic, and lumbar dysfunction and back muscle spasm.

Tyria N. Simpson, NP c/o Mary Washington Orthopedics in affiliation with Fredericksburg Orthopaedic Associates

Ms. Simpson is expected to testify regarding Plaintiff's orthopedic evaluation and treatment for lumbar pain, lumbar radiculopathy, cervical pain, and cervical radiculopathy; her examinations and treatment recommendations; the referrals for physical therapy and MRI studies; and medical causation within the scope of her care.

Michelle Shegogue, PT c/o Mary Washington Orthopedics Physical Therapy

Ms. Shegogue is expected to testify regarding Plaintiff's course of physical therapy, functional complaints and limitations, objective therapy findings, treatment rendered, progress, and ongoing symptoms within the scope of her care.

Dr. Erik M. Krushinski c/o Mary Washington Orthopedics in affiliation with Fredericksburg Orthopaedic Associates

Dr. Krushinski is expected to testify regarding his evaluation and treatment of Plaintiff's right-elbow pain and right-hand numbness and tingling, including any findings, diagnoses, recommendations, and opinions within the scope of his care.

Dr. Raymond Chung c/o Mary Washington Orthopedics in affiliation with Fredericksburg Orthopaedic Associates

Dr. Chung is expected to testify regarding his evaluation and treatment of Plaintiff's left-shoulder complaints, including diagnoses, examination findings, treatment recommendations, and opinions within the scope of his care.

Patricia K. Keenan, PA c/o Mary Washington Orthopedics in affiliation with Fredericksburg Orthopaedic Associates

Ms. Keenan is expected to testify regarding her evaluation and treatment of Plaintiff's right-hip pain, including examination findings, diagnostic workup, treatment recommendations, and opinions within the scope of her care.

Debbie Toscano, LCSW c/o Riverside Counseling, PLLC

Ms. Toscano is expected to testify regarding Plaintiff's mental-health treatment after the crash, including Plaintiff's reported accident-related anxiety, depression, and post-traumatic stress symptoms; therapy provided; clinical progress; and recommendations within the scope of her care.

**3. The names and subject matter of expert witnesses:**

RESPONSE:

Plaintiff has not retained any experts expected to testify at this time. Plaintiff expects to call Plaintiff's treating doctors to testify under Rule 26(a)(2)(C), Federal Rules of Civil Procedure. Additionally, Plaintiff anticipates calling expert witnesses to testify about the medical causation of Plaintiff's injuries, permanency of Plaintiff's injuries, and the necessity of future medical care. Finally, Plaintiff reserves the right to timely disclose and call an accident reconstruction expert and/or transportation safety expert if necessary.

**4. A summary of the claims or defenses with statutory and/or case citations supporting the same.**

RESPONSE:

Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).

Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina Chloride, Inc. v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

Vicarious Liability/Respondeat Superior: "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

Negligent Hiring, Training, Supervision, and Retention: "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.

**5. Proposed Deadlines:**

RESPONSE: See the Consent Proposed Amended Scheduling Order submitted by the Parties.

**6. Any special circumstances that would affect the time frames applied in preparing the scheduling order.**

RESPONSE: Plaintiff has been informed that since the date of the Crash, Defendant Polyvach has moved out of the United States. Accordingly, Plaintiff is in the process of formally requesting waiver of service or acceptance of service.

**7. Additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

RESPONSE: Plaintiff will consent to a trial before a United States Magistrate Judge.

Respectfully Submitted,

**MORGAN & MORGAN, P.A.**

s/ Cooper Klaasmeyer
Cooper Klaasmeyer, Fed. I.D. No. 14272
Morgan & Morgan, P.A.
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
(843) 973-5438
**ATTORNEYS FOR PLAINTIFF**

September 1, 2026
North Charleston, SC